

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2002

# USA v. Parra

Precedential or Non-Precedential:

Docket 1-2606

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Parra" (2002). *2002 Decisions.* Paper 178.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/178

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2606
_____

UNITED STATES OF AMERICA

v.

CLAUDIA P. PARRA, Appellant
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 00-cr-00613)
District Judge: Honorable Stephen M. Orlofsky
_____

Submitted Under Third Circuit LAR 34.1(a)
March 7, 2002
Before: BECKER, Chief Judge, ALITO and RENDELL,
Circuit Judges.

(Filed: March 14, 2002)
_____

OPINION
_____

BECKER, Chief Judge.

This is an appeal by defendant Claudia Patricia Parra from the judgment of the
District Court following a bargained guilty plea.  The detailed plea bargain agreement
contained a number of provisions relative to sentencing.  It did not, however, cover the
question of a possible downward departure on the basis of coercion and duress, which is
the sole issue on appeal.

We do not gainsay that Ms. Parra makes a plaintive and sympathetic case for such
a downward adjustment, as set forth even in the government's version of Parra's tale, set
forth in the margin.  On the other hand there are the following countervailing
considerations:  (1) Parra failed to report any of the offense conduct to anyone or seek
help; (2) the Court had to consider her motivation for the offense $5,000; (3) she tried to
evade being detected when she arrived in Newark; and (4) although she now submitted

that the pellets were inserted into her, at the plea hearing she answered "Yes" when asked whether she "ingested" the pellets. At all events, the Court explicitly recognized that it had the "authority to depart downwardly under Section 5K2.12, for coercion and duress." (A-48). The Court explained, however, that it

> decline[d] to do so in this case, because in my view the defendant has not carried her burden, demonstrating by a preponderance of the evidence that she is entitled to such a departure in this case.

(A48).

Our jurisprudence is clear that we lack jurisdiction to review a district court's discretionary decision not to depart from the applicable guideline range where the court recognizes it has the authority to depart, but determines that a departure is not warranted. See, e.g., United States v. Georgiadis, 933 F.2d 1219, 1222 (3d Cir. 1991) ("If we determine the district court was aware of its authority to depart from the Guidelines, and chose not to, we are without power to inquire further into the merits of its refusal to grant [defendant's] request."); 18 U.S.C. 3742(a), which grants the defendant the right to appeal his or her sentence, "simply does not authorize such an appeal." United States v. Denardi, 892 F.2d 269, 271-72 (3d Cir. 1989).

Parra argues that the District Court misapplied the duress Guideline, U.S.S.G. 5K2.12. However, we find no indication that the District Court misapplied or failed to understand the duress Guideline. Rather, having developed an ample record and surveyed the situation, the District Court exercised its discretion not to depart. As noted above, that decision is not reviewable on appeal. The judgment of the District Court will be affirmed.

_____

TO THE CLERK:

    Please file the foregoing Opinion.

                BY THE COURT:


                    /s/ Edward R. Becker
          Chief Judge